13-3077
Mullar v. Lynch

BIA
Vomacka, IJ
A087 445 586
A087 445 587
A087 445 588

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
### <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of July, two thousand fifteen.

PRESENT:
>        DENNIS JACOBS,
>        REENA RAGGI,
>        GERARD E. LYNCH,
>                *Circuit Judges.*

_____

SATPAL SINGH MULLAR, JASPAL KAUR
MULLAR, SUKHKIRANDEEP SINGH MULLAR,
>        *Petitioners,*

>        v.                                    13-3077
>                                              NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONERS:        Genet Getachew, Brooklyn, NY.

FOR RESPONDENT:         Stuart F. Delery, Assistant Attorney
                        General; Anthony W. Norwood, Senior
                        Litigation Counsel; Colin J. Tucker,
                        Trial Attorney, Office of

**Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners, natives and citizens of India, seek review of a July 25, 2013, order of the BIA, affirming the September 26, 2011, decision of an Immigration Judge ("IJ"), denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Satpal Singh Mullar, Jaspal Kaur Mullar, Sukhkirandeep Singh Mullar*, Nos. A087 445 586/587/588 (B.I.A. July 25, 2013), *aff'g* Nos. A087 445 586/587/588 (Immig. Ct. N.Y.C. Sept. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA, i.e., minus the bases for the credibility determination that the BIA expressly declined to consider. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d

2

162, 165-66 (2d Cir. 2008) (per curiam). For applications such as Petitioners', which are governed by the REAL ID Act, the agency may base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *In re J-Y-C-*, 24 I. & N. Dec. 260, 265 (B.I.A. 2007).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination was properly based on the inconsistency between Satpal's application and testimony about the name of the friend who harbored him from police for several months.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  In his application, Satpal stated that this friend's name was Ranjit Singh; however, he testified three separate times that this friend's name was Amrik Singh.  Petitioners contend that Satpal corrected himself, after being confronted with this inconsistency, and explained that his mistake was a result of nervousness.  The

3

agency was not compelled to credit this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The adverse credibility determination was also properly based on the inconsistency between Satpal's application and testimony, as well as upon Satpal's internally inconsistent testimony, about whether police beat him along with his father-in-law at a 2003 political rally.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii).  Satpal stated in his application that he and his father-in-law were badly beaten; however, he twice testified that he was not beaten before changing his testimony to conform to his application.  The agency did not err in rejecting Satpal's explanation that he was nervous. *See Majidi*, 430 F.3d at 80-81.

The agency also properly relied on Satpal's non-responsive and evasive demeanor in finding him not credible.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Tu Lin v. Gonzales*, 446 F.3d 395, 400-01 (2d Cir. 2006) ("Evasiveness is, of course, one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility.").  The IJ reasonably noted that, *inter alia*, Satpal was evasive when asked to whom he reported in his political party and that at least three

4

questions were posed before Satpal provided a responsive answer. Petitioners contend that Satpal appeared non-responsive because he was struggling to understand the questions. However, Satpal explicitly confirmed during the hearing that he had no problems understanding the proceedings. In this case, we afford the IJ's assessment of Satpal's demeanor "great deference." *Tu Lin*, 446 F.3d at 400-01; *see also Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) ("We can be still more confident in our review of observations about an applicant's demeanor where, as here, they are supported by specific examples of inconsistent testimony.").

Petitioners do not challenge the agency's findings that their corroborating evidence was entitled to diminished weight and that they failed to rehabilitate Satpal's credibility with reasonably available corroborating evidence. Therefore, those findings stand as valid bases for the agency's adverse credibility determination. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam) (recognizing that an applicant's failure to corroborate his testimony may bear on credibility, or because the absence of corroboration makes an applicant

unable to rehabilitate testimony that has already been called into question).

Based on the foregoing, we find that the agency's adverse credibility determination is supported by substantial evidence. *See Xiu Xia Lin*, 534 F.3d at 167. The agency therefore did not err in denying asylum, withholding of removal, and CAT relief because all three claims shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk